Evan J. Smith (SBN 242352)
Ryan P. Cardona (SBN 302113)
BRODSKY SMITH
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Tel:     877.534.2590
Fax:     310.247.0160
Email: esmith@brodskysmith.com
        rcardona@brodskysmith.com

*Attorneys for Plaintiff*

Wayne Rosenbaum (SBN: 182456)
Grant Richard Olsson (SBN: 317583)
Joshua Todd Rosenbaum (SBN: 321562)
ENVIRONMENTAL LAW GROUP LLP
VARCO & ROSENBAUM
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 231-5858
swr@envirolawyer.com
golsson@envirolawyer.com
jtr@envirolawyer.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAYTON STEFAN FREEMAN,<br><br>        Plaintiff,<br><br>   vs.<br><br>M.W. REID WELDING, INC. d/b/a SOUTH BAY WELDING,<br><br>        Defendant, | Civil Case No.: 3:22-cv-01553-RSH-DDL<br><br>**CONSENT DECREE**<br><br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*.)** |

### CONSENT DECREE

The following Consent Decree is entered into by and between Clayton Stefan Freeman ("Plaintiff") and Defendant M.W. Reid Welding, Inc. d/b/a South Bay Welding ("South Bay Welding" or the "Defendant"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

**WHEREAS,** Plaintiff is a citizen of the State of California.

**WHEREAS,** Plaintiff is concerned with the environmental health of the Forester Creek, San Diego River, and overall San Diego River Watershed, of which the Forester Creek and the San Diego River are a part, and uses and enjoys the waters of the Forester Creek, San Diego River, their inflows, outflows and other waters of the San Diego River Watershed;

**WHEREAS**, South Bay Welding is the owner and operator of a facility that operates as fabricator of steel and other metal products, located at 781 O'Conner Street, El Cajon, CA 92020, hereinafter referred to by the Settling Parties as the "Facility;"

**WHEREAS,** Plaintiff's use and enjoyment of these waters are negatively affected by the pollution allegedly caused by the operations at the Facility;

**WHEREAS,** Plaintiff acts in the interest of the general public to prevent pollution in these waterways, for the benefit of their ecosystems, and for the benefits of all individuals and communities who use these waterways for various recreational, educational, and spiritual purposes;

**WHEREAS,** the discharges from the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES"), General Permit No. CAS000001, [State Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ ("1997 Storm Water Permit"), and as amended by Order No. 2014-0057-DWQ ("IGP"), and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA");

**WHEREAS**, the Facility is listed as operating under SIC Code 3441, relating to Fabricated metal Products. Defendant has had coverage for the Facility under the California Industrial General Permit

since at least 2015, under the issued WDID No. 9 37I020014.  This 2015 "Notice of Intent" for the Facility requires the Defendant to comply with the terms of the Industrial Stormwater Permit and lists "South Bay Welding" as the Operator and Facility names;

WHEREAS, on July 25, 2022, Plaintiff sent to South Bay Welding, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board"), and the Regional Water Quality Control Board – San Diego Region ("Regional Board") a notice of intent to file suit ("Notice Letter") under Sections 505(a) and (b) of the Clean Water Act, 33 U.S.C. §§ 1365(a) and (b).  The Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a) and violations of the 1997 Storm Water Permit and the IGP at the South Bay Welding Facility[1];

WHEREAS, on October 11, 2022, Plaintiff filed a complaint against South Bay Welding in the United States District Court, Southern District of California (Case No. 3:22-cv-01553-RSH-DDL), alleging violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Storm Water Permit at the South Bay Welding Facility ("Complaint");

WHEREAS, Plaintiff alleges South Bay Welding to be in violation of the substantive and procedural requirements of the 1997 Storm Water Permit, the IGP and the Clean Water Act with respect to the South Bay Welding Facility;

WHEREAS, on December 22, 2022, Plaintiff's expert environmental consultant conducted an inspection of the Facility;

WHEREAS, Defendant diligently and in good faith significantly addressed and continues to addressed those concerns raised by Plaintiff in their Notice Letter;

---

[1] For purposes of this Consent Decree, the NPDES permit and any amendments thereto in effect at the time of South Bay Welding's required compliance with the terms of this Consent Decree shall be referred to as "the Industrial General Permit" or "IGP."

WHEREAS, in order to carry out the terms more fully described below, South Bay Welding intends to upload a revised Stormwater Pollution Prevention Plan ("SWPPP") to the Water Boards Storm Water Multiple Application & Report Tracking System ("SMARTS"), within forty-five (45) days of the Effective Date. This revised SWPPP will contain significant revisions designed to bring the Facility into further compliance with the IGP, in response to the allegations contained in Plaintiff's NoV and the Complaint, and based upon the findings in the December 22, 2022 inspection of the Facility and subsequent discussion and agreement between the Parties and their respective consultants;

WHEREAS, South Bay Welding denies all allegations in the Notice Letter and Complaint relating to the South Bay Welding Facility;

WHEREAS, Plaintiff and South Bay Welding have agreed that it is in the Settling Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings; and

WHEREAS, all actions taken by South Bay Welding pursuant to this Consent Decree shall be made in compliance with all applicable federal and state laws and local rules and regulations.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a);

2.      Venue is appropriate in the Southern District of California pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the South Bay Welding Facility is located within this District;

3.      The Complaint states claims upon which relief may be granted pursuant to Section 505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1);

4.      Plaintiff has standing to bring this action;

5.      The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

## I.    OBJECTIVES

It is the express purpose of the Settling Parties entering into this Consent Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, et seq., and to resolve those issues alleged by Plaintiff in his Complaint.  Specifically, South Bay Welding agrees to comply with Receiving Water Limitation VI.A. in the IGP which requires that South Bay Welding "shall ensure that industrial storm water discharges … do not cause or contribute to the exceedance of any applicable water quality standards in any affected receiving water,"; Effluent Limitation V.A. of the IGP which requires that South Bay Welding "shall implement Best Management Practices ("BMPs") that comply with the BAT/BCT requirements of the [IGP] to reduce or prevent discharges of pollutants in [South Bay Welding's] storm water discharge in a manner that reflects best industry practice considering technological availability and economic practicability and achievability"; and the Monitoring, Sampling, and Analysis Requirements found in § XI of the IGP which requires that the South Bay Welding "shall collect and analyze storm water samples from two (2) [Qualifying Storm Events ("QSEs")] within the first half of each reporting year (July 1 to December 31), and two (2) QSEs within the second half of each reporting year (January 1 to June 30)."  South Bay Welding shall develop and implement BMPs necessary to achieve compliance with BAT/BCT standards and with the applicable water quality standards as those terms are defined by the IGP.  Nothing herein shall be interpreted as an admission by South Bay Welding that it has previously failed to comply with these or any other requirements of the CWA or the IGP.

## II.    AGENCY REVIEW AND TERM OF CONSENT DECREE

### A.    Agency Review and Comment

Plaintiff shall submit this Consent Decree and all other requisite materials to the United States Department of Justice and the EPA (collectively "Federal Agencies") within three (3) days of (i) the final

signature of the Settling Parties for agency review consistent with 40 C.F.R. § 135.5, or (ii) the reception of the requisite documents associated with the supplemental environmental project described below in Section V.A, whichever occurs later. The agency review period expires forty-five (45) days after receipt by both agencies, as evidenced by either (i) written acknowledgement of receipt by the Department of Justice, or (ii) the certified return receipts, copies of which shall be provided to South Bay Welding if requested. In the event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time.

**B.      Effective Date**

The term "Effective Date" as used in this Consent Decree shall mean the day the Court enters this Consent Decree.

**C.      Termination Date**

This Consent Decree shall terminate two (2) years after the Effective Date ("Termination Date"), or at such time as South Bay Welding ceases to have stormwater discharges subject to the IGP and South Bay Welding: 1) files all necessary and appropriate submissions regarding the same to the State Board and/or the Regional Board; and 2) provides notice of such filing to Plaintiff, unless there is a prior ongoing, unresolved dispute regarding South Bay Welding's compliance with this Consent Decree.

**III.      POLLUTION CONTROL REQUIREMENTS**

**A.      Storm Water Pollution Reduction Measures**

**1.**      The storm water pollution control measures required by this Consent Decree shall be designed and operated to manage storm water discharges, through full compliance with the IGP.

**2.**      Commencing from the Effective Date through the termination date, South Bay Welding shall engage in the following activities to achieve compliance with the Permit and this Consent Decree:

(a)    To the extent not already completed, South Bay Welding will appoint a Qualified Industrial Storm Water Practitioner ("QISP") within forty-five (45) days after the Effective Date; and

(b)    Certify and submit to Plaintiff, the Court and the RWQCB via SMARTS the QISP's identification number, name, and contact information (telephone number, e-mail address).

3.    In addition to the activities described in Sections III.A.2(a) above, South Bay Welding will assure the incorporation of all terms contained in the revised SWPPP (more fully described in Section III.C below) shall be implemented at the Facility, the boundaries of which are outlined on the South Bay Welding's Facility Site Map contained in the SWPPP ("Site Map"). The Parties agree that the SWPPP may be modified from time to time as more fully described in this Consent Decree. In the event of a modification to the SWPPP or Facility Site Map during the term of this Consent Judgment, South Bay Welding will provide a copy of the revised exhibits to Plaintiff and the Court in the manner described herein, and to the RWQCB via SMARTs.

**B.    BMP Implementation/Revisions**

South Bay Welding shall cause the following additional BMPs and/or BMP revisions at the Facility to be carried out in the specified location within forty-five (45) days of the Effective Date:

1.    South Bay Welding will install a permanent barrier along the west edge of the driveway in front of the west building to prevent discharge of stormwater onto the neighboring property.[2] This barrier will be a metal delineator at the bottom 18" of the fence in place at this location, with grout being used to seal gaps. The barrier will direct stormwater flow into the infiltration trench and basin;

2.    South Bay Welding will infill the trench located along the south edge of the Facility to eliminate stormwater discharge onto the neighboring property and minimize sediment transport

---

[2] Currently South Bay Welding has installed gravel bags to act as a temporary barrier for this same purpose while the permanent barrier contemplated in Section III.B.1. is being planned and implemented.

and erosion.  The trench will be infilled at the fence line with top soil so as to direct storm flow north towards the filtration basin.  This topsoil infill will be seeded for final stabilization;

3.      South Bay Welding will hire a paving contractor to install an asphalt berm from the southeast corner of the Facility property to the southwest corner of the East Building of the Facility to prevent stormwater run on in this area from the neighboring property to the east of the Facility; and

4.      South Bay Welding will seal the curbside inlets on the north side of the Facility property with concrete to prevent stormwater discharge from these outlets.

## C.    SWPPP Revisions/Amendments

Within forty-five (45) days after the Effective Date, South Bay Welding shall revise the current SWPPP for the South Bay Welding Facility to include the following:

1.      South Bay Welding will amend the Facility SWPPP to accurately identify the sampling location at the biocarbon filtration basin;

2.      South Bay Welding will amend the Facility SWPPP to indicate that the presence of the retired discharge points on the north side of the facility and describe the mitigation taken by South Bay Welding to further ensure zero drainage from the retired discharge points;

3.      South Bay Welding shall include in the SWPPP calculations to demonstrate that the infiltration basin utilized at the Facility meets the design storm standards (flow-based or volume based), along with a Factor of Safety to ensure that the stormwater discharge from the Facility is sufficiently treated throughout the life of the system;

4.      South Bay Welding will reassess the potential pollutant sources, associated potential pollutants, and additional monitoring requirements for the Facility based on a detailed assessment of facility-specific pollutant sources, impaired receiving water requirements, and approved TMDLs, and thereafter update the SWPPP to include all appropriate pollutants determined after such analysis; and

5.      In conjunction with Section III.C.4 above, South Bay Welding will update the pollutant source assessment in the SWPPP to identify the specific pollutant parameters associated with each industrial activity or materials used and stored on-site at the Facility.

6.      Throughout the term of this Consent Decree, South Bay Welding shall notify Plaintiff of any SWPPP revisions made pursuant to the requirements of Section III.A.3 and uploaded to SMARTS, for Plaintiff to review and comment within ten (10) days of receiving such notice. Such notice may be automatically provided to Plaintiff's counsel should they be listed as a data-entry person for this file on SMARTS for the life of this Consent Decree. If this listing takes place, no separate notice shall be required for any SWPPP revisions. Plaintiff will provide comments, if any, to South Bay Welding within thirty (30) days of receipt of such notice. South Bay Welding shall incorporate Plaintiff's comments into the SWPPP or shall justify in writing why any comment should not be incorporated, within fifteen (15) days of receiving comments.

**D.      Numeric Action Levels ("NALs") for Discharges from the South Bay Welding Facility**

South  Bay Welding acknowledges that Numeric Action Levels ("NALs") in the IGP are applicable to the Facility, including instantaneous and/or annual NALs for the required parameters associated with SIC code 3441 including (i) pH; (ii) Oil and Grease; (iii) Total Suspended Solids; (iv) Zinc; (v) Iron; (vi) Aluminum; and (vii) Nitrate plus Nitrite Nitrogen, and that South Bay Welding will continue to act in conformity with the IGP and the SWPPP for the Facility, as may be amended from time to time.

1.      **Exceedance Response Actions (ERAs)**

a.      South Bay Welding acknowledges that it is required to comply with the Exceedance Response Action requirements of the permit as stated in IGP § XII.

**E.      Sampling and Analysis**

1.      South Bay Welding will install a recording rain gauge capable of recording rainfall to 0.1 inches at the South Bay Welding Facility. South Bay Welding shall maintain the recording rain

gauge in accordance with the manufacturers' recommendations, maintain records of all maintenance and rain data, and provide such rain gauge data in South Bay Welding's Monitoring Report described in Part F below for the term of this Consent Decree.  In the event there is a dispute about the quantity of rainfall at the Facility, the rain gauge installed pursuant to this section shall be deemed to be the actual rainfall at the site.

**2.**     Within forty-five (45) days of the Effective Date, South Bay Welding shall review its Monitoring and Reporting Plan for all storm water discharges from the South Bay Welding Facility to determine if its current plan meets the requirements of this Consent Decree and IGP § XI.  Should South Bay Welding determine any revisions to its Monitoring and Reporting Plan are necessary, it shall follow the procedures set forth in Section III.E.3 below for incorporation into the Facility's SWPPP.

**3.**     South Bay Welding shall submit any revisions to its Monitoring and Reporting Plan for the South Bay Welding Facility to Plaintiff for review and comment.  Plaintiff shall provide comments, if any, to South Bay Welding within thirty (30) days of receipt of the Monitoring Plan. South Bay Welding shall incorporate Plaintiff's comments into the Monitoring Plan, or shall justify in writing why any comment is not incorporated within fifteen (15) days of receiving comments.

**4.**     During the life of this Consent Decree, and as set forth in the IGP, South Bay Welding shall collect samples of any Qualifying Storm Event ("QSE"), as defined in the IGP, from two QSEs during each half of each reporting year from each sampling point at the South Bay Welding Facility in conformity with its "Monitoring and Reporting Plan" and in compliance with the IGP. However, nothing herein shall require South Bay Welding to conduct sampling in reporting year halves when a QSE, as defined by the IGP, does not occur.  Furthermore, nothing herein shall require South Bay Welding to conduct sampling in reporting year halves when no discharge

resulting from a QSE occurs or to perform any activities relating to sampling QSEs beyond those required by the IGP and as permitted.

5.     South Bay Welding shall comply with the analytical methods as required by IGP § XI.B.

6.     South Bay Welding shall request that results of all sample analyses required by this Consent Decree be reported to it within thirty (30) days of laboratory receipt of the sample.

7.     During the term of the Consent Decree, South Bay Welding will give notice to Plaintiff of the filing of any reports or other documents containing the complete laboratory results of samples collected as required by this Consent Decree concurrently with the posting of the same on SMARTS.

**F.     Visual Observations**

During the life of this Consent Decree, South Bay Welding shall conduct and document visual observations pursuant to IGP § XI.A and as more fully described in the South Bay Welding SWPPP.

**G.     Annual Report**

South Bay Welding shall give notice, pursuant to Section VIII.E. hereof (to the extent notice is not automatically provided to Plaintiff's counsel on SMARTS), to Plaintiff when South Bay Welding submits an Annual Report ("Annual Report") to the State Board no later than July 15 of each year during the term of this Consent Decree.  The Annual Report shall contain all information required by the IGP and/or the SWPPP.

**IV.     MONITORING AND REPORTING**

**A.     Site Inspections.**

1.     Once during the life of this Consent Decree, Plaintiff may conduct an inspection of the Facility up to forty-five (45) days prior to the Termination Date.  Up to three (3) of Plaintiff's representatives may attend the site inspection.  The site inspection shall occur during normal business hours.  Plaintiff and South Bay Welding shall work in good faith to select a mutually acceptable date for the inspection, which will be scheduled at least ten (10) business days in

advance.    South Bay Welding's personnel or contractors may accompany Plaintiff's representative(s) throughout the inspection.

**2.**    Plaintiff shall provide South Bay Welding with any comments regarding the Site Inspection within seventy-two (72) hours of the completion thereof.  Said comments shall be prepared, signed and certified by Plaintiff's designated QISP.  South Bay Welding shall respond to Plaintiff's comments within thirty (30) days of the date on which they are received; however, South Bay Welding is not obligated to respond to any comments regarding the Site Inspection received after seventy-two (72) hours has passed.

**B.    Compliance Monitoring and Oversight**

South Bay Welding shall make a one-time payment of seven thousand five hundred Dollars ($7,500.00) to compensate Plaintiff's Counsel for costs and fees to be incurred for monitoring South Bay Welding's compliance with this Consent Decree.  Payment shall be made within fourteen (14) days of the Effective Date payable to "Brodsky & Smith" via U.S. Mail.

**C.    South Bay Welding Document Provision**

During the life of this Consent Decree, within ten (10) days, South Bay Welding shall give notice to Plaintiff of all documents related to storm water quality at the South Bay Welding Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency, county, or municipality.  Any correspondence related to South Bay Welding's compliance with the Permit or storm water quality received by South Bay Welding from any regulatory agency, state or local agency, county, or municipality shall be provided to Plaintiff within ten (10) days of receipt by South Bay Welding.  Provided, however, that this Consent Decree shall not require South Bay Welding to disclose any information or documents subject to the Attorney Client Privilege or the Attorney Work Product doctrine.

## V. ENVIRONMENTAL PROJECT & REIMBURSEMENT OF LITIGATION FEES & COSTS

### A. Environmental Project

To remediate the alleged environmental harms resulting from non-compliance with the 1997 Storm Water Permit and IGP alleged in the Complaint, South Bay Welding agrees to make a payment of five thousand dollars ($5,000.00) to the "Regents of the University of California, San Diego" and mailed to UC San Diego Extension Services, Attn. Laura Fandino, Assistant Dean, Academic Affairs, 8950 Villa La Jolla Drive, Suite A201, La Jolla, CA 92037, to fund the UC San Diego Extension's Industrial Compliance Workshop program, dedicated to providing industrial stormwater compliance training for a wide range of persons including, business owners and employees, environmental consultants, government employees, and others, to receive the training needed to achieve and maintain compliance with the IGP at industrial facilities in California, including those facilities whose stormwater runoff affects the overall San Diego region. UC San Diego Extension has trained hundreds of individuals in stormwater compliance under the IGP to date. The payment shall be made within fourteen (14) days of the Effective Date.

### B. Reimbursement of Attorneys' Fees and Costs

South Bay Welding shall pay a total of sixty thousand dollars ($60,000.00) to "Brodsky & Smith" for their investigation fees and costs, expert/consultant fees and costs, and reasonable attorneys' fees incurred as a result of investigating and preparing the lawsuit and negotiating this Consent Decree. Payment shall be made in two payments, with the first payment in the amount of twenty three thousand seven hundred fifty dollars ($23,750.00) and the second payment in the amount of thirty-six thousand two hundred and fifty ($36,250.00). Both Payments shall be made payable to "Brodsky & Smith" checks shall be delivered to Plaintiff's Counsel within fourteen (14) days of the Effective Date via U.S. Mail or any other overnight courier service. The first payment amount shall be eligible to be cashed immediately by Plaintiff's Counsel. The second payment amount shall be in the form of a post-dated check, dated for

a date 180 days after the effective date. Plaintiff's Counsel agrees to not cash the second payment amount until 180 days after the effective date.

## VI. DISPUTE RESOLUTION AND RETENTION OF JURISDICTION

### A. Continuing Jurisdiction

This Court shall retain jurisdiction over this matter until the Termination Date defined above for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree, unless a Party files and is granted a timely motion requesting an extension of time for the Court to retain jurisdiction. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

### B. Meet and Confer

A Party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying the other Party in writing of the matter(s) in dispute. The Settling Parties shall then meet and confer in good faith (either telephonically or in person) in an attempt to resolve the dispute informally over a period of ten (10) days from the date of the notice. The Parties may elect to extend this time in an effort to resolve the dispute without court intervention.

### C. Dispute Resolution

If the Parties cannot resolve a dispute by the end of the meet and confer informal negotiations, then the Parties shall request a settlement meeting before the Magistrate Judge assigned to this action. In the event that the Parties cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judge, the Parties agree to submit the dispute via motion to the District Court.

### D. Burden of Proof

In any dispute resolution proceeding, the Party invoking the dispute resolution procedures provided herein shall have the burden of demonstrating that the other Party has failed to meet its obligations as set forth herein.

**E.    Enforcement Fees and Costs**

In resolving any dispute arising from this Consent Decree before the Court, the Parties shall be entitled to fees and costs incurred pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), Federal Rule of Civil Procedure Rule 11, applicable case law interpreting such provisions, and/or as provided by statutory law and/or case law.

**VII.    MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE**

**A.    Plaintiff's Public Release of Claims**

This Consent Judgment is a final and binding resolution between Plaintiff, on his own behalf, and on behalf of the public and in the public interest, and South Bay Welding, and their parents, subsidiaries, affiliated entities under common ownership, directors, officers, agents, employees, attorneys, if any (collectively "Releasees"), and shall have a preclusive effect such that no other person or entity, whether purporting to act in his, her, or its interests or the public interest shall be permitted to pursue and/or take any action with respect to any violation of the CWA that was alleged in the Complaint, or that could have been brought pursuant to the Notice.  Nothing in this Consent Decree waives the rights of the United States to enforce its rights under Federal Law.

**B.    Plaintiff's Release of Additional Claims**

As to Plaintiff for and in his individual capacity only, this Consent Judgment shall have preclusive effect such that he shall not be permitted to pursue and/or take any action with respect to any other statutory or common law claim, to the fullest extent that any of the foregoing were or could have been asserted by him against South Bay Welding or the Releasees based on the facts alleged in the Complaint and the Notice, whether or not based on actions committed by South Bay Welding.

**C.    Waiver of Rights Under Section 1542 of the California Civil Code**

1.    Plaintiff acting in his individual capacity waives all rights to institute any form of legal action, and releases all claims against South Bay Welding, and the Releasees, (referred to collectively in this Section as the "Claims").  In furtherance of the foregoing, Plaintiff waives any

and all rights and benefits which he now has, or in the future may have, conferred upon him with respect to the Claims by virtue of the provisions of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

    **2.**    Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of or resulting from, or related directly or indirectly to, in whole or in part, the facts in the Complaint, Plaintiff will not be able to make any claim for those damages against Releasees.

**D.**    **South Bay Welding's Release of Plaintiff**

    South Bay Welding, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Plaintiff, his attorneys, and other representatives for any and all actions taken or statements made (or those that could have been taken or made) by Plaintiff and his attorney and other representatives, whether in the course of investigating the Claims or otherwise.

**E.**    **Parties' Release**

    Unless specifically provided for in this Consent Decree, the Parties, on their own behalf and on behalf of their current and former officers, directors, employees, and each of their successors and assigns, and their agents, and other representatives release all persons including, without limitation, all other Parties to this Consent Decree (and each of their direct and indirect parent and subsidiary companies and affiliates, and their respective current and former officers, directors, members, employees, shareholders, and each of their predecessors, successors, and assigns, and each of their agents, attorneys, consultants, and other representatives) from any additional attorneys' fees or expenses related to the resolution of this matter.

**F.      Parties' Rights In Other Potential Proceedings**

Nothing in this Consent Decree limits or otherwise affects any Party's right to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the State Board, Regional Board, EPA, or any other administrative body on any other matter relating to South Bay Welding's compliance with the IGP or the Clean Water Act occurring or arising after the Effective Date of this Consent Decree.

**VIII.      MISCELLANEOUS PROVISIONS**

**A.      No Admission of Liability**

Neither this Consent Decree, the implementation of additional or modified BMPs, nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, admission, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation.  South Bay Welding maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

**B.      Construction**

The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the IGP, the Clean Water Act, or specifically herein.

**C.      Choice of Law and Venue**

The laws of the United States shall govern this Consent Decree, with venue proper only in the Southern District of California.

**D.      Severability**

In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

**E.      Correspondence and Notices**

Any and all notices and/or correspondence between the Parties provided for or permitted under this Consent Decree shall be in writing and personally delivered or sent by:

**1.**     First-class (registered or certified) mail return receipt requested; or

**2.**     Overnight or two-day courier; or

**3.**     By email with confirmed receipt only (thus at the risk of the email sender); on any Party

by the other Party to the following addresses:

**If to Plaintiff:**

Evan J. Smith (SBN 242352)
Ryan P. Cardona (SBN 302113)
Brodsky Smith
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Tel:     877.534.2590
Fax:     310.247.0160
Email: esmith@brodskysmith.com
         rcardona@brodskysmith.com

**If to South Bay Welding:**

Bruce Reid
M.W. Reid Welding, Inc. d/b/a South Bay Welding
781 O'Conner Street
El Cajon, CA 92020

**With Copy To:**

Joshua Todd Rosenbaum (SBN: 321562)
Varco & Rosenbaum Environmental Law Group LLP
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 231-5858
jtr@envirolawyer.com

Any change of address or addresses shall be communicated in the manner described above for giving

notices.

**F.     Counterparts**

This Consent Decree may be executed in any number of counterparts, all of which together shall

constitute one original document.  Telecopy, email of a .pdf signature, or facsimile copies of original

signature shall be deemed to be originally executed counterparts of this Consent Decree.

**G.     Modification of the Consent Decree**

Except as otherwise provided herein, this Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Settling Parties, or upon motion of any Party as provided by law and upon an entry of a modified Consent Judgment by the Court.  If any Settling Party wishes to modify any provision of this Consent Decree, the Settling Party must notify the other Settling Party in writing at least twenty-one (21) days prior to taking any step to implement the proposed change.

**H.     Full Settlement**

This Consent Decree contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all discussions, negotiations, commitments and understandings related thereto.  No representations, oral or otherwise, express or implied, other than those contained herein have been made by any party hereto.  No other agreements not specifically referred to herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties.

**I.      Integration Clause**

This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the Consent Decree between the Settling Parties and expressly supersedes any and all prior oral or written Consent Decrees, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

**J.      Authority of Counsel**

The undersigned representatives for Plaintiff and South Bay Welding each certify that he/she is fully authorized by the party whom he/she represents to approve this Consent Decree as to form.

**K.     Authority**

South Bay Welding certifies that its undersigned representative is fully authorized to enter into this Consent Decree, to execute it on behalf of South Bay Welding, and to legally bind South Bay Welding to its terms.

**L.  Agreement to be Bound**

The Settling Parties, including any successors or assigns, agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.

**M.  Rights of the United States**

Nothing in this Consent Decree contemplates an attempt to or has the effect of waiving the rights of the United States to enforce its rights under Federal Law.

**IX.  COURT APPROVAL**

The Parties hereby respectfully request that the Court promptly approve and enter this Consent Decree.  Upon entry of this Consent Decree, Plaintiff and Defendant waive their respective rights to a hearing or trial on the allegations of the Complaint and Notice which are at issue in this action.  If this Consent Decree is not approved by the Court, it shall be of no force and effect, and it may not be used in any proceeding for any purpose.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

**SO AGREED AND APPROVED AS TO CONTENT**

Dated: _____     **Plaintiff Clayton Stefan Freeman**

_____
Clayton Stefan Freeman

Dated: 3-4-2023     **Defendant M.W. Reid Welding, Inc. d/b/a South Bay Welding**

By: _____
Bruce Reid
President

**L.    Agreement to be Bound**

The Settling Parties, including any successors or assigns, agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.

**M.    Rights of the United States**

Nothing in this Consent Decree contemplates an attempt to or has the effect of waiving the rights of the United States to enforce its rights under Federal Law.

**IX.  COURT APPROVAL**

The Parties hereby respectfully request that the Court promptly approve and enter this Consent Decree.  Upon entry of this Consent Decree, Plaintiff and Defendant waive their respective rights to a hearing or trial on the allegations of the Complaint and Notice which are at issue in this action.  If this Consent Decree is not approved by the Court, it shall be of no force and effect, and it may not be used in any proceeding for any purpose.

**IN WITNESS WHEREOF,** the undersigned have executed this Consent Decree as of the date first set forth below.

**SO AGREED AND APPROVED AS TO CONTENT**

Dated: _3/8/23_

**Plaintiff Clayton Stefan Freeman**

Clayton Stefan Freeman

Dated: _____

**Defendant M.W. Reid Welding, Inc. d/b/a South Bay Welding**

By: _____
Bruce Reid
President

**APPROVED AS TO FORM**

Dated: ___March 8, 2023___

                                    **BRODSKY SMITH**

                                    By: *Ryan P. Cardona*
                                    _____
                                    Evan J. Smith (SBN 242352)
                                    Ryan P. Cardona (SBN 302113)

                                    *Attorneys for Plaintiff*

Dated: ___March 3, 2023___

                                    **ENVIRONMENTAL LAW GROUP LLP**
                                    **VARCO & ROSENBAUM**

                                    By: _____
                                    Joshua Todd Rosenbaum   (SBN 321562)

                                    *Attorneys for Defendant*

**IT IS SO ORDERED.**

Date: ___July 12, 2023___

                                    _____
                                    The Honorable Robert S. Huie
                                    United States District Court Judge
                                    Southern District of California